## McKee *v.* Harris and Stagg.

Where in a suit in chancery, a subpœna was issued by the clerk, under the seal of the court, directed to the sheriff, requiring him to summon the respondent, if found in his county, to be and appear before the District Court, on the first day of the next term thereof, specifying the time and place of holding the court, to answer unto the complainant, in a suit on the chancery side of said court, for a specific performance of a contract, and where the District Court, on motion, quashed the said subpœna; *Held*, That the decision was correct.

*Appeal from the Johnson District Court.*

Bill in chancery. The process served upon the respondents reads as follows :

" *The State of Iowa,*

    " *To the sheriff of Johnson county, greeting :*—

"In the name of the state of Iowa, we command you to summon Sybil Harris, and Sterling Stagg, if to be found in your county, to be and appear before the District Court of said county, on the first day of the next term thereof, to be begun and held at the court-house in Iowa city, on the second Tuesday in April, 1855, to answer unto Francis McKee, a complainant in chancery, in a suit on the chancery side of our court, for a specific performance of a contract. And have you then and there this writ, with due return thereon, in what manner you execute the same," which was signed by the clerk, and the seal of the court affixed thereto. At the April term, 1855, of the said District Court, the solicitor for the complainant, moved the court for a rule on the respondents to answer in thirty days, whereupon, W. Penn. Clarke, made a special appearance for the respondents, for the purpose of moving to quash the writ. The grounds for the motion to quash, are as follows :

1. No such process is known to, or authorized by, the laws of this State.

2. The said process is not such a notice as the law requires, in this : it does not state when, or whether any petition has been, or will be, filed in the office of the clerk of the District Court in Johnson county; nor does the said process state briefly the substance of the remedy sought; nor does the said process inform the defendants, that unless they appear and plead thereto on or before the morning of the second day of the April term of the said District Court, default will be entered against them, and judgment rendered on the petition.

3. The said process does not require the defendants to appear and answer at a time known to the laws of this state, or fixed by the rules of the court.

This motion was sustained by the court, and the motion for a rule to answer was refused, to which decisions of the court, the complainant excepted, and from which he appeals to this court, assigning the same for error.

*Stephen Whicher*, for the appellant.

*W. Penn. Clarke*, for the appellees.

WOODWARD, J. (WRIGHT, C. J., dissenting).—The only question in the cause, is whether the process by which the defendants are called into court, is a legal and sufficient one. The court entertains no doubt, that it is good under the practice and proceedings as they existed prior to the enactment of the Code. The regular technical process in chancery was the subpœna. The statute of 1843, 107, directs a *summons* to be issued to the defendant, commanding him to appear, &c. This writ is more in the nature of a summons than of a subpœna. But we think either of those processes, would be good under that statute.

This question is raised principally with reference to the provisions of the Code in relation to the original process, and which is as follows: "Section 1715. Such a notice is to be known as the original notice, and must inform the defendant of the name of the plaintiff; that on or before a certain day therein named, a petition will be filed in the office of the clerk of the District Court of ——— county, claiming of him (here state briefly the substance of the remedy sought); and that unless he appears and pleads thereto by (stating when by law, or by the rules of court, he is required to plead), default will be entered against him, and judgment rendered thereon."

The appellant has set out in his exceptions, the original process or writ. We concur in the opinion, that this process is not bad on account of being issued by the clerk, under the seal of the court. The Code does not say, that the notice *shall* be issued by either the clerk or party, exclusively; nor does it say, that the clerk shall not issue it; whilst the form, section 2518, indicates clearly that the issuing may be by either the plaintiff or his attorney.

The Code, whilst it does not prescribe as a rule, that a writ shall not be issued by the clerk, intended only to facilitate the transaction of business, by authorizing the party to

issue a notice as therein provided. The objection, then, if any there be, to the writ, must lie in its substance; and there is a difficulty in settling the question in the mind, from its want of distinctness of feature.

It is not for us to doubt the utility of the requirements of the statute. There must be *something* constituting an original notice, and the nature of the case dictates nearly what it shall be, and the statute gives it a definiteness. It would not be difficult to pursue a course of argument, almost satisfying the legal conscience, that this writ answers the calls of the statute substantially, and yet how different from them it is. We might reason that the day the defendant is summoned to appear, shall be *taken to mean* the day on which a petition would be on file. But yet it is not doing that which the statute commands. So, we might argue, that to notify him that, if he did not appear, a default would be taken, is notifying him of a legal consequence. Yet the statute commands it. The original notice is an important paper. Upon this and one other element, rests the whole jurisdiction of the court in a cause. If this were held good, we cannot foresee what farther departures from unquestionable correctness, we shall be necessarily led into. The safer practice is, to keep nearer the shore.

Judgment affirmed.

WRIGHT, C. J. (dissenting).—I cannot concur in the conclusion arrived at by the majority of the court in this case. How far the Code has modified or changed the chancery practice, I do not regard it necessary to determine, in order to a decision of this question. That a notice issued by the clerk of the court under its seal, and running in the name of the state, would be as good as if directed by name, and signed by the plaintiff or his attorney, is conceded. I am also clear, that notwithstanding the provisions of the Code, it would not be irregular for a complainant in chancery, to bring the defendant into court by what is familiarly known as the subpœna, or summons in chancery. He may have his election, to use the old writ or subpœna, or the original

notice contemplated in the Code. In either event, however, these things are essential to be contained in such writ or notice, assimilating, as I conceive is proper, the subpœna in its requisites, to the notice of the Code. There should be a complainant named, to whom the respondent is to answer. The most important change, in this view of it, being to require a more specific statement of the remedy which the complainant seeks. I think this writ contains these essential requisites. There is a complainant to whom defendants are to answer. Then, instead of using the old form, of requiring them to answer a "bill in chancery," they are to answer a "suit in chancery for a specific performance of a contract." It will be observed, that in this particular, it follows the exact language of the form provided for in section 2518. As to the correct time and place at which they are to answer, it gives the name of the court, and the time and place at which it is to be held. It is true, it does not require them to answer by the morning of the second day of the term; but this court held, in the case of ———— v. *French*, decided at the December term, 1853, that a notice to answer on the first day, was good under the Code. This writ does not state, either, in express language, that there is then, or when there will be, a petition on file. But, in the first place, I think from the language, it may be fairly inferred, that it had been filed. And if this was not so, still if it was on file ten days before the next term, I think it would be sufficient, under the decision made in the case of *McCaffree* v. *Guesford, ante,* 180. I also consider, that sections 1715 and 2518, must be construed together. Section 1715 gives a statement of what should be contained in the notice, and then the subsequent section, 2518, gives the form of the notice, and provides that such, or equivalent, forms shall be sufficient. I cannot but hold this writ to be equivalent, in its terms and import, to such form. And to so hold, I think, is more in accordance with the whole tenor of the Code, which was designed to avoid delays, unnecessary forms and technicalities, and come at once to the merits and

substantial rights of the parties.   Not to further enlarge, I most respectfully, for these reasons, dissent from the majority opinion.